# EXHIBIT A

STATE OF NEW YORK
COMMISSION ON JUDICIAL CONDUCT
--------------------------------------------------------

In the Matter of the Proceeding
Pursuant to Section 44, subdivision 4,
of the Judiciary Law in Relation to

**RICHARD H. MILLER, II,**

a Judge of the Family Court,
Broome County.

--------------------------------------------------------

**NOTICE OF FORMAL
WRITTEN COMPLAINT**

NOTICE is hereby given to Respondent, Richard H. Miller, II, a Judge of the

Family Court, Broome County, pursuant to Section 44, subdivision 4, of the Judiciary

Law, that the State Commission on Judicial Conduct has determined that cause exists to

serve upon Respondent the annexed Formal Written Complaint; and that, in accordance

with said statute, Respondent is requested within twenty (20) days of the service of the

annexed Formal Written Complaint upon him to serve the Commission at its Albany

office, Corning Tower, Suite 2301, Albany, New York 12223, with his verified Answer

to the specific paragraphs of the Complaint.

Dated:  July 9, 2018
        New York, New York

**ROBERT H. TEMBECKJIAN**
Administrator and Counsel
State Commission on Judicial Conduct
61 Broadway
Suite 1200
New York, New York 10006
(646) 386-4800

To:     Paul DerOhannesian, Esq.
        Attorney for Respondent
        677 Broadway, Suite 707
        Albany, New York 12207

STATE OF NEW YORK
COMMISSION ON JUDICIAL CONDUCT
--------------------------------------------------------

In the Matter of the Proceeding
Pursuant to Section 44, subdivision 4,
of the Judiciary Law in Relation to

**RICHARD H. MILLER, II,**

a Judge of the Family Court,
Broome County.

--------------------------------------------------------

**FORMAL
<u>WRITTEN COMPLAINT</u>**

1.    Article 6, Section 22, of the Constitution of the State of New York establishes a Commission on Judicial Conduct ("Commission"), and Section 44, subdivision 4, of the Judiciary Law empowers the Commission to direct that a Formal Written Complaint be drawn and served upon a judge.

2.    The Commission has directed that a Formal Written Complaint be drawn and served upon Richard H. Miller, II ("Respondent"), a Judge of the Family Court, Broome County.

3.    The factual allegations set forth in Charges I through IV state acts of judicial misconduct by Respondent in violation of the Rules of the Chief Administrator of the Courts Governing Judicial Conduct ("Rules").

4.    Respondent was admitted to the practice of law in New York in 1994. He has been a Judge of the Family Court, Broome County, since January 1, 2015, having previously served as a Justice of the Union Town Court, Broome County, from 1996 to 2014, and the Johnson City Village Court, Broome County, from 2002 to 2014. Respondent's current term expires on December 31, 2024.

5.    Prior to becoming Broome County Family Court Judge, Respondent operated his law practice from an office in Endicott, New York, in a building owned by his wife. When Respondent took office as Family Court Judge, attorney Artan Serjanej took over his office space in the building owned by Respondent's wife.

### CHARGE I

6.    From in or about January 2015, when he became a Family Court Judge, to in or about July 2017, when he was reassigned by the Office of Court Administration from presiding over Family Court matters to handling foreclosure matters in a different building, Respondent engaged in a pattern of inappropriate behavior toward certain staff members of the Broome County Family Court, *inter alia* making unwelcome comments of a sexual nature to and about them, and threatening their physical safety and wellbeing.

### Specifications to Charge I

7.    At all times pertinent to the charges herein, Rachelle Gallagher and Mark Kachadourian were employed in the Broome County Family Court as appointees of Respondent's – Ms. Gallagher as his court secretary, and Mr. Kachadourian as his court attorney.

8.    Beginning in 2015, Respondent commented on various occasions to Ms. Gallagher and Mr. Kachadourian that his sexual needs were not being met and that Ms. Gallagher needed to satisfy his needs in this respect.  Respondent would at times point to his genital area as he made such comments.

9.    In or about early 2015, on an occasion when he was away from the courthouse, Respondent, using his cell phone, telephoned Mr. Kachadourian.

Respondent, who at the time was with James Stilloe, gave the phone to Mr. Stilloe, who then stated to Mr. Kachadourian that if he or Ms. Gallagher were ever to betray Respondent, they would have to answer to Mr. Stilloe.

10. Beginning in or about early 2015, in various conversations with Ms. Gallagher and Mr. Kachadourian, Respondent repeatedly referred to David English, Marty Shaw, David Iannone and James Stilloe – all of whom have criminal records – and said these friends would do whatever Respondent told them to do.

11. Beginning in late 2015, Respondent told Mr. Kachadourian on various occasions that he should tell Ms. Gallagher to do her job and satisfy Respondent's sexual needs, and that Respondent wanted to fire her and hire another secretary who would satisfy those needs.

12. In or about late 2015 or early 2016, in chambers, Respondent displayed or attempted to display to Court Attorney Mark Kachadourian photos of nude females Respondent had on his cell phone, notwithstanding that Mr. Kachadourian objected.

13. In or about early 2017, in chambers, Respondent took out his cell phone and displayed to Mr. Kachadourian a photograph on it depicting the torso of a nude female, stating that it was a photograph of Senior Court Office Assistant D███ L███████, and that he had obtained the photo from David Iannone, to whom Respondent had previously introduced Ms. L███████.

14. On various occasions in chambers in 2017, Respondent spoke with Mr. Iannone on a telephone with the "speaker" function activated, such that Ms. L██████ and Mr. Kachadourian heard graphic discussions between Respondent and Mr. Iannone

3

about Mr. Iannone's sexual experiences with Ms. L█████. Ms. Gallagher and/or Mr. Kachadourian *inter alia* heard Respondent ask Mr. Iannone for pictures and videos of Ms. L█████, heard Mr. Iannone refer to Ms. L█████ as a "squirter" who would get so wet they would have to use towels, and heard Respondent ask Mr. Iannone if he "could get in on the rotation" for sex with Ms. L█████.

15. In or about March or April 2017, in chambers, Respondent engaged in a loud conversation with his friend, Jerry Penna, such that Ms. Gallagher and Mr. Kachadourian heard them discuss sex, women and the large size of Ms. L█████'s breasts.

16. In or about May 2017, in chambers, Respondent engaged in a loud conversation on his cell phone, such that Ms. Gallagher and Mr. Kachadourian heard him say that he had "cement boots" in their shoe sizes, and that if they ever betrayed him, they would be found at the bottom of the river.

17. In or about August 2016, shortly after Rebecca Vroman was hired as Supervising Court Assistant in the Broome County Family Court, Respondent told Ms. Gallagher that Ms. Vroman was "fat" and "ugly," that he would be a "laughing stock" for having her on staff and that he hoped to get her fired.

18. On or about February 6, 2017, in the courtroom after a court session, Respondent loudly and angrily admonished Ms. Vroman for scheduling emergency petitions that required Respondent to work past 4:00 PM that day, notwithstanding that he was the assigned emergency intake judge and had not notified Ms. Vroman that he intended to leave early.

4

19. In or about April or May 2017, Respondent handed Ms. Gallagher a folded piece of paper containing drawings of fruits and asked her to pick the juiciest. When Ms. Gallagher unfolded the paper, there were drawings of nude females inside.

20. In or about early 2017, in the hallway outside of the office of Court Attorney S█████ L███████, Respondent stated to Mr. Kachadourian that it would be "great" to have sex with Ms. L███████ while she was bent over a desk.

21. On or about May 18, 2017, while in a car driving from Albany back to Broome County, Respondent stated to Mr. Kachadourian that he wanted Ms. Gallagher to perform sexual favors for State Senator Fred Akshar, who represents the 52nd Senate District, so that Respondent could have greater access to the senator.

22. On or about May 19, 2017, Respondent told Ms. Gallagher that he wanted her to perform sexual favors for Senator Akshar.

23. In or about May 2017, after a luncheon at the courthouse to which staff had brought food, Respondent commented to Chief Clerk Debbi Singer, whose husband is deceased, that he would have "gone for the widow" if he had known Ms. Singer could cook.

24. In or about June 2017, on separate occasions, Respondent commented to Chief Clerk Debbi Singer that he was "glad he had that effect on her" when she said something about having a hot flash, and that she looked "really hot" in the outfit she was wearing.

25. On or about July 11, 2017, after many of the foregoing allegations had been reported to the Office of Court Administration by Chief Clerk Debbi Singer, Respondent

was reassigned by court administrators from presiding over Family Court matters to handling foreclosure matters in another building.

26. By reason of the foregoing, Respondent should be disciplined for cause, pursuant to Article 6, Section 22, subdivision (a), of the Constitution and Section 44, subdivision 1, of the Judiciary Law, in that Respondent failed to uphold the integrity and independence of the judiciary by failing to maintain high standards of conduct so that the integrity and independence of the judiciary would be preserved, in violation of Section 100.1 of the Rules; failed to avoid impropriety and the appearance of impropriety, in that he failed to respect and comply with the law and failed to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Section 100.2(A) of the Rules; failed to perform the duties of judicial office impartially and diligently, in that he failed to be patient, dignified and courteous to court staff, in violation of Section 100.3(B)(3) of the Rules; and failed to conduct the judge's extra-judicial activities so as to minimize the risk of conflict with judicial obligations, in that he failed to conduct his extra-judicial activities so that they do not detract from the dignity of judicial office, in violation of Section 100.4(A)(2) of the Rules.

## **CHARGE II**

27. From in or about November 2015 to in or about May 2017, Respondent lent the prestige of judicial office to advance his own private interests and/or the interests of others, and failed to conduct his extra-judicial activities so as to minimize the risk of conflict with judicial obligations, in that, on multiple occasions, he importuned chambers

staff (*i.e.* his court secretary Rachelle Gallagher and his court attorney Mark Kachdourian) to perform services unrelated to their official duties, including prohibited political activity.

### Specifications to Charge II

28. Donna Filip had been Respondent's secretary in his law office before he became a judge.

29. On or about November 6, 2015, in chambers, Respondent directed Ms. Gallagher to type and mail a letter, a copy of which is annexed as Exhibit A, to Thomas Hayes, the executor of an estate Respondent had handled as an attorney. Respondent directed Ms. Gallagher to type the letter using the name of Donna Filip as the author and sender, so that Respondent and Ms. Filip could be paid for their work on the estate. Ms. Gallagher typed the letter but refused to mail it and gave it to Respondent.

30. Beginning in or about 2016, Respondent told Ms. Gallagher and Mr. Kachadourian that he wanted his chambers to be a campaign office, and for them to keep a list of names for use in future political campaigns.

31. In 2017, Respondent importuned Ms. Gallagher to collect signatures on designating petitions for Richard Balles, Respondent's brother-in-law, who was then a candidate for mayor of Johnson City, notwithstanding that court staff are prohibited from engaging in such political activity pursuant to 22 NYCRR 50.2(c).

32. In or about May 2017, notwithstanding the prohibition on a full-time judge practicing law, Respondent asked Mr. Kachadourian to help him prepare an accounting in the *Estate of Jerry J. Behal, Jr.*, an estate Respondent had represented before becoming a Family Court Judge and that was then pending in the Broome County Surrogate's Court.

7

33.    By reason of the foregoing, Respondent should be disciplined for cause, pursuant to Article 6, Section 22, subdivision (a), of the Constitution and Section 44, subdivision 1, of the Judiciary Law, in that Respondent failed to uphold the integrity and independence of the judiciary by failing to maintain high standards of conduct so that the integrity and independence of the judiciary would be preserved, in violation of Section 100.1 of the Rules; failed to avoid impropriety and the appearance of impropriety, in that he failed to respect and comply with the law and failed to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Section 100.2(A) of the Rules, and lent the prestige of judicial office to advance his own private interests and the private interest of another, in violation of Section 100.2(C) of the Rules; failed to conduct the judge's extra-judicial activities so as to minimize the risk of conflict with judicial obligations, in that he failed to conduct his extra-judicial activities so that they do not detract from the dignity of judicial office, in violation of Section 100.4(A)(2) of the Rules; and failed to refrain from inappropriate political activity, in that he failed to refrain from directly or indirectly engaging in political activity and failed to require that his personal appointees refrain from engaging in prohibited political activity, in violation of Sections 100.5(A)(1) and 100.5(C)(4) of the Rules.

## **CHARGE III**

34.    In connection with the *Estate of Antoinette Saraceno* and the *Estate of Jerry J. Behal, Jr.*, two estates Respondent had represented before he became Family Court Judge and that were still pending after he became a Family Court Judge, Respondent

8

engaged in the practice of law and/or conveyed the impression that he was still engaged in the practice of law as a full-time judge, in that:

A. In or about October 2016, Respondent told the wife of the executor of the *Estate of Antoinette Saraceno* that he would finish the remaining work on the estate and thereafter, in a phone conversation with the Chief Clerk of the Tioga County Surrogate's Court, Respondent requested that the court allow the estate to be closed by motion instead of a formal accounting; and

B. In or about May 2017, Respondent met in his Family Court chambers with the executor of the *Estate of Jerry J. Behal, Jr.*, reviewed the estate's accounts, went to his former law office, reviewed the estate file and sought to enlist the efforts of his court attorney, Mark Kachadourian, in completing the estate accounting.

### Specifications to Charge III

### *Estate of Antoinette Saraceno*

35. Antoinette Saraceno died on or about October 15, 2010. In or about December 2010 and February 2011, Respondent filed or caused to be filed in the Tioga County Surrogate's Court a Petition for Probate and an Amended Petition for Probate of the decedent's will, on behalf of Frank Saraceno, Sr., an alternate executor. The assets of the estate totaled less than $150,000. Respondent also sent notice of probate to the various beneficiaries of the will. In or about April 2011, the court issued Preliminary Letters Testamentary to Frank Saraceno, Sr.

9

36.     In or about May 2011, John Saraceno, a resident of California and a beneficiary under the will, filed an objection to the probate of the will. Respondent filed a Motion to Dismiss the objections in July 2011, and in August 2011 the Tioga County Surrogate dismissed the objections and admitted the will to probate.

37.     Respondent filed or caused to be filed a List of Assets/Inventory in the estate dated March 1, 2012, and on or about March 20, 2012, Respondent requested that new Letters Testamentary be issued by the court to be used in the transfer of the estate's real estate.

38.     Respondent received his legal fee as estate attorney in or about 2012.

39.     On or about July 23, 2014, Respondent filed an Original Report requesting additional time for the executor to collect all the receipts, releases and discharges from the beneficiaries. Thereafter, nothing further was filed in the Surrogate's Court.

40.     By letter dated August 2, 2016, *i.e.* a year and seven months after Respondent had become Broome County Family Court Judge, the Chief Clerk of the Tioga County Surrogate's Court notified him at his former law office address that, pursuant to Section 207.42 of the Uniform Rules for the Surrogate's Court, he was required to file a statement with the court since the estate had not been fully distributed or a final accounting had not been filed.

41.     On or about October 12, 2016, Respondent had a telephone conversation with Chief Clerk Deborah Stone of the Tioga County Surrogate's Court and *inter alia* advised her that there would be a substitution of attorneys filed and that one of the beneficiaries would not accept his bequest or cooperate. Ms. Stone informed Respondent

that a formal accounting may be required and Respondent asked that the estate be closed "by motion" instead. Ms. Stone told Respondent she would discuss the matter with the Surrogate and call Respondent back.

42. On or about October 14, 2016, Ms. Stone advised Respondent by telephone that Tioga County Surrogate Gerald Keene had said a formal accounting would be required.

43. Meanwhile, in or about October 2016, Respondent spoke with Barbara Saraceno, the wife of executor Frank Saraceno, Sr., and told her that he would be finishing up the estate.

44. On or about December 16, 2016, Barbara Saraceno telephoned the Tioga County Surrogate's Court and inquired whether Respondent had filed anything since he had advised her that he would finish the estate. Nothing further was filed in the Surrogate's Court, and by letter dated January 22, 2018, addressed to Frank Saraceno, Sr., as the estate executor, the court directed the immediate filing of the statement pursuant to 22 NYCRR 207.42.

45. On or about January 29, 2018, attorney Artan Serjanej filed a Notice of Appearance on behalf of the estate executor, dated January 27, 2018, and by Order dated February 5, 2018, Surrogate Gerald Keene ordered that Mr. Serjanej was now the attorney for the estate. In April 2018, the court notified Mr. Serjanej that a two-year report was due, and Mr. Serjanej requested and received a 60-day extension.

### *Estate of Jerry J. Behal, Jr.*

46. Jerry J. Behal, Jr., died on October 11, 2011, as a result of a motorcycle accident. The executor of the estate was the decedent's brother, David Behal, a longtime friend of Respondent's. On or about October 26, 2011, Respondent filed a petition for probate in the Broome County Surrogate's Court on behalf of the executor. There were six beneficiaries of the estate: five of the decedent's nieces and nephews, and a friend of the decedent's. The will was admitted to probate in or about November 2011.

47. In or about July 2014, Respondent filed or caused to be filed a petition on behalf of the executor, for an order authorizing the executor to settle a claim for $100,000 for the wrongful death of the decedent. In or about December 2014, Respondent filed an attorney's affidavit in support of the petition.

48. By Order dated January 23, 2015, *i.e.* approximately three weeks after Respondent had become Broome County Family Court Judge, Broome County Surrogate David Guy allowed the settlement. The estate received the settlement proceeds in or about April 2015.

49. On or about March 20, 2015, the executor David Behal signed a Consent to Change Attorney, substituting Artan Serjanej to represent him in connection with the Application for Leave to Compromise the Personal Injury Action. However, Mr. Serjanej did not file a Notice of Appearance with the Surrogate's Court until November 2015.

50. On or about October 13, 2015, Donna Ougheltree, one of the named beneficiaries under the will, filed a petition for a Compulsory Accounting, and the

12

executor was ordered to file an accounting by February 19, 2016. That date was subsequently extended to March 31, 2016.

51. By letter dated April 29, 2016, Mr. Serjanej requested 30 additional days to file the accounting, and the court extended the deadline to May 31, 2016. Thereafter, no accounting was filed, and by Order dated September 21, 2016, the Surrogate's Court ordered that if the petition to account and account were not filed by October 7, 2016, David Behal would be removed as executor and the court would appoint an Administrator CTA.[1]

52. On or about September 21, 2016, attorney Robert Wedlake filed a Notice of Appearance on behalf of J██████ B████, another beneficiary.

53. On October 7, 2016, Mr. Serjanej requested another adjournment of the accounting due to a pending sale of real property of the estate. The accounting was again adjourned, to November 21, 2016. No accounting was filed by that date.

54. On the court's own motion, by Order dated April 6, 2017, an attorney conference was scheduled for May 2, 2017.

55. On May 8, 2017, the court again ordered the executor to file a petition to account and account by May 19, 2017, or he would be removed as executor.

56. Between on or about March 1, 2017, and May 9, 2017, David Behal emailed to Respondent and Donna Filip, Respondent's former law office secretary, spreadsheets containing the estate accounting records. Copies of the emails are annexed as Exhibit B.

---

[1] "CTA" is an acronym for "cum testamento annexo," *i.e.* with the will annexed.

13

57. In or about May 2017, Respondent met in his Family Court chambers with David Behal and went over the estate accounts.

58. In or about May 2017, Respondent showed the emails contained in Exhibit B to his court attorney, Mark Kachadourian, and asked Mr. Kachadourian to help prepare the estate accounting. Mr. Kachadourian declined.

59. On or about May 22, 2017, Respondent worked on the *Behal* estate accounting at his former law office. Respondent had not yet been paid his legal fee.

60. By letter dated June 15, 2017, David Behal's petition to account and accounting, verified May 25, 2017, was rejected by the Surrogate's Court as insufficient. The court directed that unless receipts and releases were filed by August 18, 2017, an amended accounting in proper form and in balance would have to be filed at that time. No amended accounting was filed.

61. After attorney conferences and adjournments, the trial of the *Behal* matter was scheduled to be held on July 16, 2018.

62. By reason of the foregoing, Respondent should be disciplined for cause, pursuant to Article 6, Section 22, subdivision (a), of the Constitution and Section 44, subdivision 1, of the Judiciary Law, in that Respondent failed to uphold the integrity and independence of the judiciary by failing to maintain high standards of conduct so that the integrity and independence of the judiciary would be preserved, in violation of Section 100.1 of the Rules; failed to avoid impropriety and the appearance of impropriety, in that he failed to respect and comply with the law and failed to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Section

14

100.2(A) of the Rules, and lent the prestige of judicial office to advance his own private interests and the private interest of another, in violation of Section 100.2(C) of the Rules; and failed to conduct the judge's extra-judicial activities so as to minimize the risk of conflict with judicial obligations, in that he failed to conduct his extra-judicial activities so that they do not detract from the dignity of judicial office and are not incompatible with judicial office, in violation of Sections 100.4(A)(2) and 100.4(A)(3) of the Rules, and engaged in the practice of law as a full-time judge, in violation of Section 100.4(G) of the Rules.

## CHARGE IV

63.     Since becoming a Family Court Judge on or about January 1, 2015, to the date of this Formal Written Complaint, Respondent has failed to file timely and accurate disclosure reports of his income from extra-judicial activities to the Ethics Commission for the Unified Court System, the Internal Revenue Service, the New York State Department of Taxation and Finance and the Clerk of the Broome County Family Court as required.

### Specifications to Charge IV

64.     By checks dated November 24, 2015, copies of which are annexed as Exhibit C, Respondent received over $16,203 in payment for legal work he had performed in the *Estate of Deborah Brigham.*

65.     By checks dated December 1, 2015, copies of which are annexed as Exhibit D, Respondent received over $11,184 in payment for legal work he had performed in the

*Estate of Roger Funk.* Respondent also received legal fees from clients Jeff Jump and Alysa Durkee in 2015.

66. In or about May 2016, on his 2015 Annual Statement of Financial Disclosure with the Ethics Commission for the Unified Court System, Respondent failed to disclose the income he received in 2015 for legal work he had previously performed in connection with the two estates and the other matters. Respondent did not amend his 2015 Financial Disclosure Form to include this income until in or about November 2017, after he was notified by the Commission about his failure to do so.

67. In 2015, 2016 and 2017, Respondent received $6,000 per year in the form of a monthly check for $500 from tenant Louis Micha, for the rental of an apartment located at 2█ North Street, Endicott, New York. Copies of Mr. Micha's checks, and receipts to him signed by Respondent's former law office secretary Donna Filip, are annexed as Exhibit E.

68. In 2015, Respondent also received $1,400 from tenants David English and Michelle Caforio, for the rental of the property at 3█ Oakdale Road, Johnson City, New York.

69. In 2016, Respondent also received $9,600 from tenants English and Caforio, for rental of the property at 3█ Oakdale Road, Johnson City, New York.

70. In or about April 2016, on his Federal Income Tax Return and his New York State Income Tax Return for the year 2015, Respondent failed to report the income he had received from the prior practice of law or from any rental income he had received in

2015, notwithstanding that he claimed expenses of over $3,000 for the property at 3█ Oakdale Road, Johnson City, New York.

71. In or about April 2017, on his Federal Income Tax Return and his New York State Income Tax Return, Respondent failed to report the receipt of any rental income he had received in 2016, notwithstanding that he claimed expenses of over $6,000 for the property at 3█ Oakdale Road, Johnson City, New York.

72. In or about August 2017, after he was questioned by the Office of the Inspector General for the Unified Court System about the checks he received for legal work he performed in the *Estate of Deborah Brigham* (Exhibit C), Respondent amended his 2015 and 2016 Federal and New York State income tax returns to include the income he had previously omitted when he initially filed his returns.

73. Since becoming a full-time judge on January 1, 2015, Respondent has failed to file any report of outside income with the clerk of his court, notwithstanding the following:

A. In 2015, Respondent received at least $27,387 in legal fees, $6,000 in rental income from 2█ North Street, Endicott, New York, and $1,400 in income from the rental of 3█ Oakdale Road, Johnson City, New York.

B. In 2016, Respondent received $6,000 in rental income from 2█ North Street, Endicott, New York, and $9,600 in income from the rental of 3█ Oakdale Road, Johnson City, New York.

C. In 2017, Respondent received $6,000 in rental income from 2█ North Street, Endicott, New York, and $9,600 from the rental of 3█ Oakdale Road, Johnson City, New York.

74. By reason of the foregoing, Respondent should be disciplined for cause, pursuant to Article 6, Section 22, subdivision (a), of the Constitution and Section 44, subdivision 1, of the Judiciary Law, in that Respondent failed to uphold the integrity and independence of the judiciary by failing to maintain high standards of conduct so that the integrity and independence of the judiciary would be preserved, in violation of Section 100.1 of the Rules; failed to avoid impropriety and the appearance of impropriety, in that he failed to respect and comply with the law and failed to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary, in violation of Section 100.2(A) of the Rules; failed to perform the duties of judicial office impartially and diligently, in that he failed to diligently discharge his administrative duties, in violation of Section 100.3(C)(1) of the Rules; and failed to conduct the judge's extra-judicial activities so as to minimize the risk of conflict with judicial obligations, in that he failed to annually report the date, place and nature of any activity for which the judge received compensation in excess of $150, and the name of the payor and the amount of compensation so received, in violation of Section 100.4(H)(2) of the Rules, and failed to disclose income on his financial disclosure forms as required by 22 NYCRR Part 40, in violation of Section 100.4(I) of the Rules.

**WHEREFORE**, by reason of the foregoing, the Commission should take whatever further action it deems appropriate in accordance with its powers under the Constitution and the Judiciary Law of the State of New York.

Dated: July 9, 2018
       New York, New York

**ROBERT H. TEMBECKJIAN**
Administrator and Counsel
State Commission on Judicial Conduct
61 Broadway
Suite 1200
New York, New York 10006
(646) 386-4800

19

STATE OF NEW YORK
COMMISSION ON JUDICIAL CONDUCT
-------------------------------------------------------
In the Matter of the Proceeding
Pursuant to Section 44, subdivision 4,
of the Judiciary Law in Relation to

**RICHARD H. MILLER, II,**

a Judge of the Family Court,
Broome County.

-------------------------------------------------------

**VERIFICATION**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | : ss.: |
| COUNTY OF NEW YORK | ) |

ROBERT H. TEMBECKJIAN, being duly sworn, deposes and says:

1.     I am the Administrator of the State Commission on Judicial Conduct.

2.     I have read the foregoing Formal Written Complaint and, upon information and belief, all matters stated therein are true.

3.     The basis for said information and belief is the files and records of the State Commission on Judicial Conduct.

_____
Robert H. Tembeckjian

Sworn to before me this
9th day of July 2018

_____
Notary Public

KAREN KOZAC REITER
Notary Public, State of New York
No. 02RE6171500
Qualified in New York County
Commission Expires November 2, 20_19_

Donna Filip

[REDACTED]

November 6, 2015

Thomas Hayes

[REDACTED]

Re: enclosed checks

Dear Mr. Hayes,
    I received yours check's numbered 102, 103 and 104. You must have forgoten to sign the checks. Please sign the enclosed checks and return to myself.


    Thank you and have a wonderful day!

Very truly yours,



Donna Filip



enc:

**EXHIBIT A**

nison Avenue
, New York 13901

**Estate of Roger L Funk**
Thomas M Hayes Exec

29-1310/213    102

Date 10-31-15

Pay to the order of ___ Richard H. Miller, II    $11,187.60

eleven thousand one hundred eighty seven and eighty cents ___ Dollars

**✴Citizens Bank**

For ___

---

**Estate of Roger L Funk**
Thomas M Hayes Exec

29-1310/213    10

Date _-31-15

Pay to the order of ___ DONNA FILIP    $2,2_5.0

two thousand two hundred seventy five dollars ___ Dollars

**✴Citizens Bank**

For ___

---

**Estate of Roger L Funk**
Thomas M Hayes Exec

29-1310/213    1

Date 10-31-15

Pay to the order of ___ Thomas M Hayes    $42,552

forty two thousand five fifty two and forty one cent ___ Dollars

**✴Citizens Bank®**

executor

**RE: Behal Estate Expenses**

**Behal, Dave [US] (MS) [US] (MS)** to you + 1 more    show details

Listing of Jerry's Propert ...xlsx (52 KB)

I made some updates to include interest over the years and Jerry's initial visions balance.  The total Pa·
the Total Estate Assets changed to 368,797.54

So if you subtract the Total Payout Expenses from the Estate Assets there $169.58 more in the Visions

368,797.54 – 47,990.27 which equals 320,807.27.  We will have 320,976.85 in the Visions account onc·
tracked to Syracuse but that was it, the Buyer is cutting another check.

The Payout tab is setup for easy payout distribution calculations once the Lawyer Costs are entered in

**From:** Behal, Dave [US] (MS)
**Sent:** Wednesday, March 01, 2017 8:49 AM
**To:** Rick; 'Donna'
**Subject:** Behal Estate Expenses

Donna/Rick,

Attached is the spreadsheet containing the categorizing of expenses, below is the summary.

On the Cash Flow tab is looks like the Total Assets of 344197.79 - Estate Expenses of 47990.27 = 3206

That Total Assets of 344K includes the 24K of the land sale which is not yet in the account.

**EXHIBIT B**
5/10/2017

| Date | Item | Amount | Person Paid | In Estate |
|---|---|---|---|---|
| 11-Oct | Cash on Jerry | 90 | | Christmas |
| 11/15/2011 | Jerry's account 970.13 Save, 11084.99 Pace, 4759.14 check | 16814.26 | | 11/15/2011 |
| 1-Nov | Collision totaled motorcycle | 2181.95 | Allstate | 15-Nov |
| 28-Oct | Deductible from Nationwide | 250 | Allstate | 15-Nov |
| 16-Nov | Battery charger - cash back | 31 | Andre & Son Power | Christmas |
| 25-Nov | 2002 Chevy Silverado | 12500 | Todd | 11/25/2011 |
| 26-Nov | Refund from Timberline chains | 344.5 | Timberline | 11/26/2011 |
| 26-Nov | Drill, 20 Volt 1/2 inch, reciprocating saw and Shop Vac | 80 | Dave | 12/23/2012 |
| 29-Nov | Refund from canceling motorcycle insurance | 105.34 | Allstate | 12/23/2012 |
| 5-Dec | Accidental Death Life Insurance | 5018.98 | MetLife sent to rick | 12/23/2012 |
| | 401K retirement from NYS | 7146.52 | NYS (taxes taken o | 12/23/2012 |
| 25-Dec | Gas Generator | 395 | Todd | 12/27/2012 |
| 25-Dec | 3 ton hydraulic floor jack | 60 | Todd | 12/27/2012 |
| 16-Dec | Tractor Canopy Tent | 200 | Todd | 2/10/2012 |
| 15-Dec | Cuna Life Saving Insurance | 905.97 | Visions | 12/15/2012 |
| 25-Dec | 4x36 belt & 6" disk sander | 80 | Brent | 12/27/2012 |
| 25-Dec | chainsaw 20" | 200 | Todd | 12/27/2012 |
| 24-Dec | 2 Peavey Speakers | 125 | Dave | 12/27/2012 |
| 31-Dec | Visions interest for 2011 | 31 | | |
| 8-Jan | Nikon Laser 440 Rangefinder | 100 | Dave | 2/10/2012 |
| 20-Jan | Ordinary Death | 94733.81 | NYS | 2/10/2012 |
| 20-Jan | Group Term Life Payment | 50000 | NYS | 2/10/2012 |
| 3-Feb | SUNY Bing/VAC/Hours | 3867.09 | NYS | 2/10/2012 |
| 3-Feb | SUNY Bing/VAC/Hours | 60.55 | NYS | 2/10/2012 |
| 10-Feb | Wood Burner | 550 | Dave | 2/11/2012 |
| 24-Feb | Marshall AMP | 1100 | Dave | 4/20/2012 |
| 2-Apr | Ryobi router | 40 | Todd | 6/9/2012 |
| 10-Apr | Medical Payment | 1000 | Allstate | 4/20/2012 |
| 20-Apr | Black Guitar | 75 | Teresa | 4/20/2012 |
| 8-May | Boat (4500 - 100 com -battery) | 4400 | Todd | 6/9/2012 |
| 20-May | Tax check&May Tractor payment | 2525 | Timberline & USG | 7/6/2012 |
| 8/18/2012 | Motorcycle tires | 100 | Dave | 11/24/2012 |
| 9/28/2012 | Demon Receiver | 70 | Dave | 11/24/2012 |
| 11/24/2012 | GE Gas Dryer | 100 | Ron | 11/24/2012 |
| 12/31/2012 | Visions interest for 2012 | 1152.44 | | |
| 7/18/2013 | Insurance solar panels | 15000 | Dave | 11/13/2013 |
| 7/18/2013 | Camper | 1500 | Pete | 7/18/2013 |
| 12/31/2013 | Visions interest for 2013 | 1474.64 | | |
| 7/16/2014 | Mobile Home | 13000 | Interstate Homes | 7/25/2014 |

| Date | Item | Cost | Person Paid | | |
|---|---|---|---|---|---|
| 17-Oct | Open Calvary nitch | 550 | Dave | | |
| 17-Oct | Paid for Priest | 40 | Mom | | |
| 10/25/2011 | Funeral Home difference and Obituary | 563.72 | Dave | | |
| 11/7/2011 | Tractor Payment | 340 | Dave | | |
| 12/23/2012 | Transferred to Dave's account, gave Mom 40 in cash for a difference of 80 for the Drill. | -1453.72 | | | |
| 1/25/2012 | Mom wrote Joe a check, will be taken out of his inherence. Mom was paid | -1000 | Joe | | |
| 2/2/2012 | Town of Maine sent tax info to N. Baldwin on 1/3/2012, Jerry did not pay School taxes for 2011 Due 10/24). (ME 756.82 + 582.06 Maine + 13.39 penalty) | 1352.27 | Dave | | |
| 2/10/2012 | Transferred to Mom's account 1K and Dave 1252.27 (tax - 100 for rangefinder) | -2252.27 | Mom/Dave | | |
| 4/20/2012 | Medical Records $9 and Wood Burner cover 8. 1100 (AMP) - 17 = 1083 | 1083 | Dave | | |
| 5/10/2012 | Signed off on transfer of tractor, got 240 for May payment -pickup cost. | 242 | Estate | | |
| 7/13/2012 | House Insurance Dryden Mutual-transferred out 5/24/13 | -334 | Dave | | |
| 9/21/2012 | School Taxes-transferred out 5/24/13 | -689 | Dave | | |
| 11/25/2012 | additional Insurance for fire-transferred out 5/24/13 | -142 | Dave | | |
| 9/17/2013 | additional Insurance Dryden Mutual-transferred out 5/24/13 | -52 | Dave | | |
| 1/18/2013 | County Taxes (transferred out on 3/29/13) | -609.39 | Dave | | |
| 6/12/2013 | Paid state & Fed for Brandon, Syd, Josh, Jess, Mom wrote check and I transferred money into her account | -11,574 | Dave | | 11,574 |
| 7/9/2013 | Additional tax: Brandon VA 7.47 Fed 12.87 (transf 12/26) | -20.34 | Dave | | 20.34 |
| 6/18/2013 | Tax Pre 531.00, postage 2.64 and 4.62 (transferred 7/18) | -538.26 | Dave | | 538.26 |
| 8/12/2013 | House Insurance Dryden Mutual 131.25 (transfer 12/26) | -131.25 | Dave | | |
| 9/9/2013 | 2013 ME School Taxes (transferred 12/26) | -841.18 | Dave | | |
| 9/17/2013 | NYS Tax penalties Syd 64.73, Josh 110.84, Jess 110.92 (transferred 12/26) | -286.49 | Dave | | 286.49 |
| 9/23/2013 | House Insurance Dryden Mutual(transferred 12/26) | -122.25 | Dave | | |
| 12/26/2013 | House Insurance Dryden Mutual (transferred 4/7) | -60.5 | Dave | | |
| 1/14/2014 | County Taxes (transferred 4/7) | -639.63 | Dave | | |
| 4/2/2014 | House Insurance Dryden Mutual (transferred 4/7) | -98 | Dave | | |
| 4/9/2014 | Joe/Donna Taxes Mom wrote checks (756 DNY, 963 JNY, DFED 1873, JFED 2277) 2012 tax, transferred 4/10/14 | -5869 | Mom | | 5869 |
| 4/14/2014 | Paid Joe's 2013 NY taxes, will taken from inherence (trans 9/22) | -649 | Joe | | |
| 6/15/2014 | Fed check Joe&Donna (69.57&57.09) for 2012 Tax. Transferred 6/25/14 | -126.66 | Dave | | |
| 7/3/2014 | Gave Donna partial payment (10K) | -10000 | Donna | | 127 |
| 7/3/2014 | Gas for truck to move property (transferred 9/22) | -38.5 | Dave | | 18,415 |
| 9/22/2014 | 2014 ME School Taxes (transferred 9/22) | -1540.86 | Dave | | |
| 12/3/2014 | Gave Joe partial payment (3K) transferred to visions | -3000 | Joe | | |
| 12/7/2014 | County Taxes (transferred 1/20/15) | -659.24 | Dave | | |
| 3/19/2015 | Cost to tow car after getting stuck at Jerry's (transferred 5/4/15) | -50 | Dave | | |
| 5/18/2015 | Transferred 96 to Joe's Visions to pay NYS 2012 tax penalty | -96 | Dave | | |
| 5/18/2015 | Gave Joe partial payment (1K) for license transferred to visions. | -1000 | Joe | | |
| 9/26/2015 | 2015 ME School Taxes (transferred 10/13) | -774.04 | Dave | | |
| 2/1/2016 | County Taxes (transferred 2/16/16) | -342.97 | Dave | | |
| 9/29/2016 | 2016 ME School Taxes (transferred 10/6) | -792.06 | Dave | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 8/8/2014 | Washer (225) & Kitchen Table(180) | 405 | Dave | 8/9/2014 | 1/25/2017 | closing cost | | -920.66 |
| 8/5/2014 | Suburban Propane | 1069.22 | Dave | 8/27/2014 | | | | |

Keep as New   Reply   Reply All   Forward   Delete   Spam   More ▾

## RE: EXT :Re: Behal Estate Expenses

**Behal, Dave [US] (MS) [US] (MS)** to you + 1 more    show details

I deposited the checks yesterday, the Total value of the estate before any deductions is ~$369,008 whi that out. So if we subtract the $72 in fees out it's ~$368,936.

**From:** Donna [mailto:███████████]
**Sent:** Wednesday, March 01, 2017 3:12 PM
**To:** Behal, Dave [US] (MS)
**Subject:** EXT :Re: Behal Estate Expenses

Hi Dave,

| | |
|---|---|
| So the total value of the estate before any deduction is | $368,797.45 |
| From that we deduct all your expenses | -$ 47,990.27 |
| The total balance is | $ 320.807.18 |
| There is expense to Rick   he paid for filing | -$   869.00 |
| | $319,938.18 |
| lawyer cost ($611.00) do you know who ? | -$   611.00 |
| | $319,327.18 |

| | |
|---|---|
| Attorney fees  ( Rick was going to talk to you on that) | $ |
| Executor fees | $ |

then the remaining balance gets divided  by 6 people minus the amount some  already receive

‹                                                                                    ›

## Donna

| | |
|---|---|
| From: | "Behal, Dave [US] (MS)" ███████████ |
| Date: | Tuesday, May 9, 2017 11:37 AM |
| To: | "Donna" ███████████ |
| Cc: | "Rick" ███████████ |
| Subject: | RE: EXT :Re: Behal Estate Expenses |

Donna,

With the April interest the total in the Vision Credit Union is $321203.20. So the new values from your listing are in red

| | | |
|---|---|---|
| So the total value of the estate before any deduction is | $368,797.45 | $369,193.47 |
| From that we deduct all your expenses | -$ 47,990.27 | $47,990.27 |
| The total balance is | $ 320.807.18 | $321,203.20 |
| There is expense to Rick he paid for filing | -$ 869.00 | $869.00 |
| | $319,938.18 | $320,334.20 |

|  |  |
|---|---|
| Attorney fees ( Rick was going to talk to you on that) | -$ |
| Executor fees | -$ |

**From:** Behal, Dave [US] (MS)
**Sent:** Friday, April 28, 2017 8:30 AM
**To:** 'Donna'
**Cc:** Rick
**Subject:** RE: EXT :Re: Behal Estate Expenses

I deposited the checks yesterday, the Total value of the estate before any deductions is ~$369,008 which includes the $72 of canceled check fee, I did not subtract that out. So if we subtract the $72 in fees out it's ~$368,936.

**From:** Donna [mailto:███████████]
**Sent:** Wednesday, March 01, 2017 3:12 PM
**To:** Behal, Dave [US] (MS)
**Subject:** EXT :Re: Behal Estate Expenses

Hi Dave,

| | |
|---|---|
| So the total value of the estate before any deduction is | $368,797.45 |
| From that we deduct all your expenses | -$ 47,990.27 |
| The total balance is | $ 320.807.18 |
| There is expense to Rick he paid for filing | -$ 869.00 |
| | $319,938.18 |
| lawyer cost ($611.00) do you know who ? | -$ 611.00 |
| | $319,327.18 |

| | |
|---|---|
| Attorney fees ( Rick was going to talk to you on that) | $ |
| Executor fees | $ |

then the remaining balance gets divided by 6 people minus the amount some already received like Donna and Joe.

5/9/2017

have for land closing $24,417.86 is that right?

See if our numbers match. I am getting calls from Donna so we need to get her done.

Thanks

**From:** Behal, Dave [US] (MS)
**Sent:** Wednesday, March 1, 2017 12:40 PM
**To:** Rick ; Donna
**Subject:** RE: Behal Estate Expenses

I made some updates to include interest over the years and Jerry's initial visions balance. The total Payout Expenses on the Cash Flow tab remained the same but the Total Estate Assets changed to 368,797.54

So if you subtract the Total Payout Expenses from the Estate Assets there $169.58 more in the Visions account then what is accounted for.

368,797.54 – 47,990.27 which equals 320,807.27. We will have 320,976.85 in the Visions account once the land sale check is put in there. It was lost by UPS, was tracked to Syracuse but that was it, the Buyer is cutting another check.

The Payout tab is setup for easy payout distribution calculations once the Lawyer Costs are entered in columns K and L, call if you have questions. Dave

**From:** Behal, Dave [US] (MS)
**Sent:** Wednesday, March 01, 2017 8:49 AM
**To:** Rick; 'Donna'
**Subject:** Behal Estate Expenses

Donna/Rick,

Attached is the spreadsheet containing the categorizing of expenses, below is the summary.

On the Cash Flow tab is looks like the Total Assets of 344197.79 - Estate Expenses of 47990.27 = 320625.38.

That Total Assets of 344K includes the 24K of the land sale which is not yet in the account.

Dave

| | |
|---|---|
| Death Expenses | 1162.72 |
| Open Calvary nitch | 550 |
| Paid for Priest | 40 |
| Funeral Home difference and Obituary | 563.72 |
| Medical Records $9 | 9 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Dryden Mutual Home Insurance (2012 - 2014) | 940 | 334 | 142 | 52 | 131.25 | 122.25 | 60.5 | 98 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Taxes on Ordinary Death Payout | 18510.75 | | | | | | | |
| Tax preparation and mailing | 538.26 | | | | | | | |
| Actual taxes and penalties | 17972.49 | 11574.00 | 20.34 | 286.49 | 5869 | 126.66 | 96 | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ME School and County Taxes | 8240.64 | | | | | | | |
| 2011 school and 2012 County & School | 2041.27 | 1352.27 | 689 | | | | | |
| 2013 County and School | 1450.57 | 609.39 | 841.18 | | | | | |
| 2014 County and School | 2180.49 | 639.63 | 1540.86 | | | | | |
| 2015 County and School | 1433.28 | 659.24 | 774.04 | | | | | |
| 2016 County and School | 1135.03 | 342.97 | 792.06 | | | | | |
| 2017 County and School | 0 | Paid 23.66 as part of closing for 25 days in 2017 | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Tractor Payments | 2380 | | | | | | | |
| 340 * 11/12 - 5/13 | 2380 | 340 | 340 | 340 | 340 | 340 | 340 | 340 |

| | | | | | |
|---|---|---|---|---|---|
| Early Hardship Payout | 15649.00 | | | | |
| Joe Behal | 5649 | 1000 | 649 | 3000 | 1000 |
| Donna Oughettree | 10000.00 | | | | |

| | |
|---|---|
| Miscellaneous | 1107.16 |
| Closing cost | 920.66 |
| Wood burner cover | 8 |
| Moving truck and Gas | 88.5 |
| Christmas cash for kids | 90 |

Total Payout Expenses
    47990.27


Account Total – Estate Expenses
    296207.52        320625.38

5/9/2017

Keep as New    Reply    Reply All    Forward    Delete    Spam    More ▾

## RE: EXT :Re: Behal Estate Expenses

**Behal, Dave [US] (MS) [US] (MS)**  to you + 1 more    show details

Donna,

With the April interest the total in the Vision Credit Union is $321203.20. So the new values from your

| | | |
|---|---|---|
| So the total value of the estate before any deduction is | $368,797.45 | $369,193.47 |
| From that we deduct all your expenses | -$ 47,990.27 | $47,990.27 |
| The total balance is | $ 320.807.18 | $321,203.20 |
| There is expense to Rick   he paid for filing | -$    869.00 | $869.00 |
| | $319,938.18 | $320,334.20 |

Attorney fees  ( Rick was going to talk to you on that)    -$

Executor fees    -$

**From:** Behal, Dave [US] (MS)
**Sent:** Friday, April 28, 2017 8:30 AM
**To:** 'Donna'
**Cc:** Rick
**Subject:** RE: EXT :Re: Behal Estate Expenses

I deposited the checks yesterday, the Total value of the estate before any deductions is ~$369,008 whi
that out.  So if we subtract the $72 in fees out it's ~$368,936.

❮                                                                              ❯



BEVERLY J BRIGHAM

53-361/213

2780

DATE 11/24/15

PAY TO THE ORDER OF  Richard  M. Millard          $3,720.18/100

three thousand seven hundred twenty 18/100  DOLLARS

NBT BANK  of Binghamton, NY    326

MEMO

Beverly J Brigham  MP

**EXHIBIT C**

BEVERLY I BRIGHAM

50-361/213

2779

DATE 11/24/15

PAY TO THE ORDER OF Richard M. Miller $ 8,221 00/100

eight thousand two hundred twenty one 00/100 DOLLARS

**NBT BANK** of Binghamton, NY 326

Beverly I Brigham

ESTATE OF DEBORAH BRIGHAM

*Pay to the order of* Richard H. Miller        $4,292 %

four thousand two hundred ninety two 3/100

✕ Citizens Bank·

Brenda J Brigham

0 ❧ 0 ❧

ESTATE OF ROGER L FUNK
THOMAS M HAYES EXEC

0993
29-1310/0213
083

DATE 12-1-15

PAY TO THE ORDER OF Richard H. Miller, II, ESQ    $ 5,384.00

five thousand three hundred eighty four and no/100 DOLLARS

Citizens Bank

FOR Attorney unpaid legal fee & Disbursements    Thos M/fm
exec

---

Estate of Roger L. Funk
Thomas M Hayes Exec

0992
29-1310/0213
083

DATE 12-1-15

PAY TO THE ORDER OF Richard H Miller, II ESQ.    $ 5,800.60

five thousand eight hundred and 60/100 DOLLARS

Citizens Bank

FOR Legal Attorney Fee - Estate    Thomas M Hrs
exec.

**EXHIBIT D**

**RECEIPT**

DATE 12-9-14     **No.** 393955

RECEIVED FROM Louis Micha     **$500.00**

five hundred and 00/100 DOLLARS

FOR RENT

FOR

| ACCOUNT | | | ○ CASH | FROM December 1, 2014 to January 1, 2015 |
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY |

1182

---

LOUIS P. MICHA     0959

50-7537/2213
01

December 9, 2014   Date

Pay to the order of Richard H. Miller     $500.00

Five hundred dollars 00/100 Dollars

**VISIONS** FEDERAL CREDIT UNION
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For January 2015 RENT    Louis P. Micha

**EXHIBIT E**

# RECEIPT

DATE

RECEIVED FROM

FOR RENT
FOR

ACCOUNT
PAYMENT 500 00
BAL. DUE

CASH
CHECK
MONEY ORDER

1-12-15

No. 393960

$ 500.00

DOLLARS

1182

1-12-15      No.    393960

FROM Loris Micha                    $ 500.00

on hundred and no/100r ——— DOLLARS

IT  Rent money —

| | 500 | 00 | ○ CASH |
| | | | ◉ CHECK |
| | | | ○ MONEY ORDER |

FROM January 2015 TO February 2015

BY _____

1182

---

0963

50-7537/2213
01

December 12, 2019

H. Miller                    $ 500.00

d dollars %/00 ——— Dollars

Security Features Details on Back

15 RENT          Louis S. Micha

## RECEIPT

DATE 1-12-15     No. 393960

RECEIVED FROM Louis Micha     $ 500.00

five hundred and no/100 _____ DOLLARS

○ FOR RENT   Rent money —
○ FOR _____

| ACCOUNT | | | ○ CASH | FROM January 2015 TO February 2015 |
| PAYMENT | 500 | 00 | ✓ CHECK | BY _____ |
| BAL. DUE | | | ○ MONEY ORDER | |

1182

---

**LOUIS P. MICHA**     0963

50-7537/2213
01

December 17, 2015

Pay to the order of Richard H. Miller    $ 500.00

Five hundred dollars 00/100 _____ Dollars

**VISIONS**
FEDERAL CREDIT UNION
One Credit Union Plaza 94 McKinley Ave. Endicot, NY 13760-5491

For February 2015 Rent     Louis P. Micha

Harland Clarke

# RECEIPT

**Check (top right):**

0966
50-7537/2213
01

February 11, 2015  Date

Miller  $500.00

dollars 0/100 _____ Dollars

Louis P. Micha

Five hundred and no/100

2015

**Receipt No. 393965 (right):**

DATE 2-11-15    No. 393965

RECEIVED FROM Louis Micha    $500.00

Five hundred and no/100 _____ DOLLARS

Rent

| | | | CASH |
| 500 | 00 | ✓CHECK |
| | | MONEY ORDER |

FROM February 2015 TO March 2015

BY

1182

**Receipt No. 393965 (left, sideways):**

DATE 2-11-15    No. 393965

RECEIVED FROM Louis Micha    $500.00

Five hundred and no/100 _____ DOLLARS

FOR RENT
FOR Rent

| ACCOUNT | | |
| PAYMENT | 500 | 00 |
| BAL. DUE | | |

CASH
✓ CHECK
MONEY ORDER

BY

FROM February 2015 TO March 2015

1182

LOUIS P. MICHA

0966

SO-7537/2213
01

February 11, 2015
Date

Pay to the order of **Richard H. Miller**  $500.00

Five hundred dollars 00/100 ——— Dollars

**VISIONS**
FEDERAL CREDIT UNION
One Credit Union Plaza, 3rd Montgomery Ave., Endicott, NY 13760-5491

For **March Rent 2015**   *Louis P. Micha*

---

**RECEIPT**

| DATE | 2-11-15 | No. | 393965 |
|------|---------|-----|--------|

RECEIVED FROM **Louis Micha**   $500.00

*Five hundred and* no/100 ——— DOLLARS

● FOR RENT  **Rent**
○ FOR

| | | | | | |
|---|---|---|---|---|---|
| ACCOUNT | | | ○ CASH | FROM **February 2015** TO **March 2015** | |
| PAYMENT | 500 | 00 | ☑ CHECK | | |
| BAL. DUE | | | ○ MONEY ORDER | BY | 1182 |

Receipt form (blank preprinted fields): RECEIPT, DATE, RECEIVED FROM, FOR RENT, FOR, ACCOUNT, PAYMENT, BAL. DUE, CASH, CHECK, MONEY ORDER, DOLLARS

# RECEIPT

Handwritten receipt (No. 393968):

- DATE: 3 - 10 - 15
- RECEIVED FROM: Louis Micha
- Five hundred and no/100 — DOLLARS
- FOR RENT
- Rent money.
- PAYMENT: 500 00
- ☑ CHECK
- FROM March 1, 2015 TO April 1, 2015
- By [signature]
- No. 393968
- $500.00
- 1182

---

Handwritten receipt (upper, No. 393968):

- 3 - 10 - 15   No. 393968
- $500.00
- Louis Micha
- hundred and no/100 ____ DOLLARS
- rent money.
- ☑ CHECK   FROM March 1, 2015 TO April 1, 2015
- ○ CASH
- ○ MONEY ORDER   By [signature]
- 1182

---

Check (No. 0967):

- 0967
- March 9, 2015   Date
- $ 500.00
- H. Miller
- ___ dollars 00/100 ____ Dollars
- April 2015
- Louis F. Micha [signature]

**RECEIPT**

DATE 3-10-15  No. 393968

$500.00

RECEIVED FROM Louis Micha

five hundred and no/100 DOLLARS

☑ FOR RENT
◯ FOR Rent Money.

| ACCOUNT | | | ◯ CASH | FROM March 1, 2015 TO April 1, 2015 |
|---|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK | |
| BAL. DUE | | | ◯ MONEY ORDER | BY |

1182

---

LOUIS P. MICHA

0967
50-7931/2213
01

March 9, 2015  Date

Pay to the order of Richard H. Miller  $ 500.00

Five hundred dollars 00/100 XX Dollars

**VISIONS**
FEDERAL CREDIT UNION

For Rent for April 2015  Louis P. Micha

# RECEIPT

DATE 4-13-15  No. 393970

RECEIVED FROM Louis P. Micha

☑ FOR RENT
☐ FOR

Five hundred and no/100 ——— DOLLARS

RHM - Rent

FROM April 1, 2015 TO May 1, 2015

| | | ☐ CASH |
| ACCOUNT | ☑ CHECK |
| PAYMENT | 500 00 | ☐ MONEY ORDER |
| BAL. DUE | | BY |

$500.00

1182

4-13-15  No. **393970**

**$500.00**

Louis P. Micha

hundred and no/100 ——— DOLLARS

RHM - Rent

| | 00 | 00 | ☐ CASH | FROM April 1, 2015 TO May 1, 2015 |
| ☑ CHECK |
| ☐ MONEY ORDER | BY |

1182

April 13 2015 Date

Miller

$500.00

dollars 00/100 ——— XX Dollars

0969
50-7533/2213
01

Louis P. Micha

2015

⑆0969

## RECEIPT

DATE 4-13-15 No. 393970

$500.00

RECEIVED FROM Louis P. Micha

five hundred and no/100 DOLLARS

☑ FOR RENT RHM - Rent
◯ FOR

| ACCOUNT | | | ◯ CASH | FROM April 1, 2015 TO May 1, 2015 |
| PAYMENT | 500 | 00 | ☑ CHECK | |
| BAL. DUE | | | ◯ MONEY ORDER | BY Phillip |

1182

---

LOUIS P. MICHA                          0969

50-7557/2213
01

April 13 2015
Date

Pay to the order of Richard H. Miller                    $500.00

Five hundred dollars 00/100 — — — XX Dollars

**VISIONS**
FEDERAL CREDIT UNION
One Credit Union Plaza, 24 McKinley Ave, Endicott, NY 13760-5491

For MAY RENT 2015              Louis P. Micha

# RECEIPT

DATE
RECEIVED FROM _Louis Micha_
FOR RENT
FOR _Rent —_
_five hundred — and no/100_

ACCOUNT
PAYMENT _500 00_
BAL. DUE

○ CASH
✓ CHECK
○ MONEY ORDER

FROM _May 1, 2015_ TO _June 1, 2015_
BY _____
No. **393973**
$ **500.00**
DOLLARS
1182

_5-11-15_    No.    **393973**

$ **500.00**

FROM _Louis Micha_

_e hundred — and_    no/100    DOLLARS

_Rent —_

○ CASH
✓ CHECK
○ MONEY ORDER

500 | 00

FROM _May 1, 2015_ TO _June 1, 2015_
BY _____
1182

---

0970
50-7637/2213
01

_May 11, 2015_   Date

_Miller_   $ **500.00**

_Dollars 00/100 _____ Dollars_   Security Features Details on Back

_Louis P. Micha_

## RECEIPT

DATE __5-11-15__ No. __393973__

$500.00

RECEIVED FROM __Louis Micha__

__five hundred — and no/100__ DOLLARS

◉ FOR RENT __Rent —__
○ FOR

| ACCOUNT | | | ○ CASH | FROM __May 1, 2015__ TO __June 1, 2015__ |
|---|---|---|---|---|
| PAYMENT | 500 | 00 | ✓ CHECK | BY |
| BAL. DUE | | | ○ MONEY ORDER | |

1182

---

**LOUIS P. MICHA**　　　　　　　　　　　　　　　　0970

50-7537/2213
01

May 11, 2015
Date

Pay __Richard H. Miller__ $500.00
to the order of

__Five hundred dollars 00/100__ ~~xxx~~ Dollars

**VISIONS**
FEDERAL CREDIT UNION
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For __June 2015 Rent__ __Louis P. Micha__

# RECEIPT

DATE

RECEIVED FROM

○ FOR RENT
○ FOR

ACCOUNT
PAYMENT   500  00
BAL. DUE

○ CASH
○ CHECK
○ MONEY ORDER

Louis Micha

Five hundred and no/100

Rent

6-11-15   No.

FROM June 1, 2015 TO July 1, 2015

BY

DOLLARS

393975

$500.00

1182

$ 6-11-15     No.     393975

$500.00

Louis Micha

e hundred   and   no/100 _____ DOLLARS

Rent

|     |     | ○ CASH | FROM June 1, 2015 TO July 1, 2015 |
| 500 | 00  | ○ CHECK | BY |
|     |     | ○ MONEY ORDER | |

1182

0971

50-7537/2213
01

June 11, 2015
Date

H. Miller                          $ 500.00

ed dollars  00/100 _____ Dollars

Rent                    Louis C. Micha

Security Features Details on Back

## RECEIPT

DATE **6-11-15**    **No.**   **393975**

RECEIVED FROM _Louis Micha_    **$500.00**

_five hundred and_   _no/100_    DOLLARS

☑ FOR RENT   _Rent_
○ FOR

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |

FROM _June 1, 2015_ TO _July 1, 2015_

BY _[signature]_

1182

---

**LOUIS P. MICHA**    **0971**

50-7537/2213
01

_June 11, 2015_
Date

**Pay** to the order of _Richard H. Miller_    **$ 500.00**

_Five hundred dollars 00/100_ ——— Dollars 🔒 Security Features Details on Back

## VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza, 24 McKinley Ave. Endicott, NY 13760-5491

For _July 2015 Rent_    _Louis P. Micha_   MP

Rich's copy

**LOUIS P. MICHA**

0972

50-7537/2213
01

July 13, 2015
Date

Pay Richard A. Miller    |  $ 500.00
to the order of

Five hundred dollars 00/100 ——— XX Dollars 🔒 Security Features Details on Back.

**VISIONS**

FEDERAL CREDIT UNION
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For AUGUST 2015 RENT    Louis P. Micha    MP

'0972

Harland Clarke

---

**RECEIPT**

DATE 7-13-15    No. 393977

RECEIVED FROM Louis Micha    $800.00

five hundred and no/100 ——— DOLLARS

⊙ FOR RENT RHM Rent
○ FOR

| ACCOUNT | | | ○ CASH | FROM July 1, 2015 TO August 1, 2015 |
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY |

1182

RECEIPT

DATE **8-12-15** No. **393978**

RECEIVED FROM *Louis R Micha* **$500.00**

*five hundred dollars and no/100* DOLLARS

FOR RENT
FOR *RHM Rent*

| ACCOUNT | | | ○ CASH | FROM *August 1, 2015* TO *September 1, 2015* |
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY *(signature)* |

1182

---

**LOUIS P. MICHA** 0974

50-7537/2213
01

*August 14, 2015* Date

Pay *Richard H. Miller* $500.00
to the order of

*Five hundred dollars 00/00* Dollars

**VISIONS**
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 18760-5401

For *Payment for September Rent* *Louis P. Micha* MP

⑆0974

Harland Clarke

Ricke Copy

**RECEIPT**

DATE 9-16-15  No. 393979

RECEIVED FROM Louis P. Micha  $500.00

Five hundred and no/100 ___ DOLLARS

FOR RENT / FOR RHM - Rent

| ACCOUNT | | | CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | CHECK ✓ |
| BAL. DUE | | | MONEY ORDER |

FROM September 1, 2015 October 1, 2015

BY [signature]

1182

---

**LOUIS P. MICHA**                                          0975

50-7531/2213
01

09-14-2015  Date

Pay to the order of Richard H. Miller  | $500.00

Five hundred dollars 00/100 ___ Dollars

**VISIONS**
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For payment for October Rent  Louis P. Micha

⑈0975

Rirks
copy

**LOUIS P. MICHA** ██████████

0977

50-7537/2213
01

*October 12 2015*
Date

Pay *Richard H. Miller*
to the order of

$ *500.00*

*Five hundred dollars %⁰⁰* — — — — — — — Dollars 🔒 Security Details on Back

# VISIONS

**FEDERAL CREDIT UNION**
One Credit Union Plaza 84 McKinley Ave, Endicott, NY 13760-5491

For *November 2013 Rent*   *Louis P. Micha* MP

⑈"0977

Harland Clarke

---

**RECEIPT**

| DATE | 10 – 12 – 15 | No. | 393981 |
|---|---|---|---|

RECEIVED FROM *Louis P. Micha*   $ *500.00*

*five hundred and no/100* _____ DOLLARS

⊘ FOR RENT
⊘ FOR *RHM Rent*

| ACCOUNT | | | ○ CASH | FROM *October 1, 2015* TO *November 1, 2015* |
|---|---|---|---|---|
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY ____ |

8. —
1182

*Rick's Copy*

## RECEIPT

DATE 11-13-15 No. **393982**

RECEIVED FROM Louis Micha  $ 500.00

_five hundred and no/100_ DOLLARS

○ FOR RENT PHM— Rent
○ FOR

| ACCOUNT | | | ○ CASH | FROM November 1, 2015 TO December 1, 2015 |
| --- | --- | --- | --- | --- |
| PAYMENT | 500 | 00 | ✓ CHECK | BY _(signature)_ |
| BAL. DUE | | | ○ MONEY ORDER | 1182 |

---

LOUIS P. MICHA

0980

50-7537/2213
01

November 13, 2015 /Date

Pay to the order of _Richard H. Miller_  $500.00

_Five hundred dollars 00/100_ Dollars

**VISIONS**
FEDERAL CREDIT UNION
One Credit Union Plaza 94 McGregy Ave. Endicott, NY 13760-5461

For _December 2015 Rent_  _Louis P. Micha_

⑈0980

LOUIS P. MICHA                                    0981
                                                  50-7537/2213
                                                  01

                          December 16, 2015
                                          Date

Pay   Richard H. Miller                    | $ 500.00
to the order of
Five hundred dollars 00/00 ———— XXX Dollars

**VISIONS**
**FEDERAL CREDIT UNION**
One Credit Union Plaza 84 McKinley Ave. Endicott, NY 15760-5491

For January 2016 Rent          Louis P. Micha

'0981

---

**RECEIPT**

| DATE | 12-16-15 | No. | 393983 |
|---|---|---|---|

RECEIVED FROM Louis Micha                    $500.00

five hundred and no/100 ———— DOLLARS

○ FOR RENT  RHM Rent
○ FOR

| ACCOUNT | | | ○ CASH | FROM December  TO January |
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY |

1182

## RECEIPT

DATE 1-15-16  No. 393984

RECEIVED FROM Louis Micha  $500 00

five hundred and no/100 DOLLARS

FOR RENT RHM RenT
FOR

| ACCOUNT | | | ○ CASH | FROM JANUARY 1, 2016 TO TeBuaary 1/2016 |
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY |

1182

---

**LOUIS P. MICHA**    0982

50-7537/2213
01

January 14, 2016  Date

Pay Richard H. Miller    $500.00
to the order of
Five hundred dollars 00/100    XX Dollars    Security Features on Back.

## VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5401

For Rent for February 2016    Louis P. Micha    MP

⑆0982

Harland Clarke

# RECEIPT

DATE 2·16·16  No. 393986

RECEIVED FROM Louis Micha  $ 500.00

five hundred and no/100 _____ DOLLARS

☑ FOR RENT RHM — Rent
○ FOR

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |

FROM February 1, 2016 TO March 1, 2016

BY Richey.

1182

---

LOUIS P. MICHA

0983

50-7537/2213
01

February 15, 2016  Date

Pay to the order of Richard H. Miller  $ 500.00

Five hundred dollars 00/100 _____ Dollars

## VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For For March 2016 Rent

Louis P Micha  MP

ⁱ0983

Harland Clarke

Picture copy

**LOUIS P. MICHA**

0985

50-7537/2213
01

March 18, 2016
Date

Pay to the order of _Richard H. Miller_  | $ 500.00

_Five hundred dollars_ ———————— Dollars 🔒 Security Features Details on Back.

## VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For _April 2016 Rent_  _Louis P. Micha_ MP

⑆0985

Harland Clarke

---

# RECEIPT

DATE ____ 3-18-16 ____ **No.** 393987

RECEIVED FROM _Louis P. Micha_  $500.00

_five hundred dollars and_ ⁿᵒ/100 ____ DOLLARS

☑ FOR RENT  _RHM Rent_
○ FOR ____

| ACCOUNT | | | ○ CASH | FROM _March 1, 2016_ TO _April 1, 2016_ |
| PAYMENT | 500 | 00 | ☑ CHECK | BY _____ |
| BAL. DUE | | | ○ MONEY ORDER | |

1182

*Fido's copy*

## RECEIPT

DATE 4-18-16    **No.** 393988

RECEIVED FROM Louis Micha    $ 500.00

five hundred and no/100 _____ DOLLARS

☑ FOR RENT RHM Rent
○ FOR _____

| ACCOUNT | | | ○ CASH | FROM April 1, 2006 TO May 1, 2006 |
| PAYMENT | 500 | 00 | ☑ CHECK | |
| BAL. DUE | | | ○ MONEY ORDER | BY _____ |

1182

---

**LOUIS P. MICHA**    **0986**

50-7537/2213
01

April 18, 2016
Date

Pay to the order of **Richard H Miller**    $ 500.00

Five hundred dollars 00/100 _____ XX Dollars

## VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For Rent For May 2016    Louis P. Micha

0986

Harland Clarke

**RECEIPT**

DATE ___ 5-18-16 ___ **No.** **393989**

RECEIVED FROM _Louis P. Micha_ $500.00

_five hundred and no/100_ ___ DOLLARS

◯ FOR RENT _RHM Rent_ ___
◯ FOR ___

| ACCOUNT | | | ◯ CASH | FROM _June 1, 2016_ TO _July 1, 2016_ |
| PAYMENT | 500 | 00 | ✓ CHECK | |
| BAL. DUE | | | ◯ MONEY ORDER | BY _____ |

1182

---

**LOUIS P. MICHA** 0987

50-7537/2213
01

_May 18, 2016_ Date

Pay to the order of _Richard H. Miller_ $500.00

_Five hundred dollars. 00/100_ ___ Dollars

**VISIONS**
**FEDERAL CREDIT UNION**
One Credit Union Plaza 34 McKinley Ave. Endicott, NY 13760-5491

For _Rent For June 2016_ _Louis P. Micha_ MP

⑆0987

Harland Clarke

LOUIS P. MICHA ████████

**0989**

50-7537/2213
01

June 17, 2016
Date

Pay _Richard H. Miller_ $500.00
to the order of

_Five hundred dollars 00/100_ _____ RR Dollars

# VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza, 24 McKinley Ave. Endicott, NY 18760-5491

For _July 2016 Rent_          _Louis P. Micha_    MP

⑆0989

Harland Clarke

6/17/16

Recived check for Richard H. Miller for rent. $500.00.
June 1, 2016 — July 1, 2016

*Rick's Copy*

**LOUIS P. MICHA**             **0993**

50-7537/2213
01

*July 18, 2016*

Pay to the order of   *Richard H. Miller*     | $ *500.00*

*Five hundred dollars 00/100* ————— XX Dollars

**VISIONS**
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For *August 2016 Rent*     *Louis P. Micha*

⑈0993

Harland Clarke

---

# RECEIPT   DATE *7-18-16*    No. **903803**

RECEIVED FROM *Louis P. Micha*   | $ *500.00*

*five hundred dollars 00/100* ————— DOLLARS

☑ FOR RENT ☒ FOR: *RHM rent*

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | *500* | *00* | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |
| | | | ○ CREDIT CARD |

FROM *July 1, 2016* TO *August 1, 2016*

BY *Micha*

Rick's copy

LOUIS P. MICHA                                    0994
                                                  50-7537/2213
                                                     01
                            August 18, 2016
                                    Date

Pay Richard H. Miller                    | $ 500.00
to the order of
Five hundred dollars °°/100 ———— Dollars 🔒 Security
                                              Features
                                              Details on
                                              Back

**VISIONS**
FEDERAL CREDIT UNION
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5461

For Rent for September 2016      Louis P. Micha          MP

"0994

Harland Clarke

---

**RECEIPT** DATE 7-18-16 _____ No. 903803

RECEIVED FROM Louis P. Micha          $500.00

_____ five hundred dollars °°/100 _____ DOLLARS

☒FOR RENT
☒FOR RHM rent

| ACCOUNT |     |    | ○ CASH        |
|---------|-----|----|---------------|
| PAYMENT | 500 | 00 | ☒ CHECK       |
|         |     |    | ○ MONEY ORDER |
| BAL. DUE |    |    | ○ CREDIT CARD |

FROM July 1, 2016 TO August 1, 2016

*Rick's copy*

**LOUIS P. MICHA** ██████████████

**0995**

50-7537/2213
01

September 19, 2016

Pay to the order of Richard H. Miller ____ $500.00

Five hundred dollars %00 ____ Dollars 🔒 Security Features Details on Back

# VISIONS
**FEDERAL CREDIT UNION**
One Credit Union Plaza 84 McKinley Ave. Endicott, NY 13760-5491

For October Rent 2016 ____ Louis P. Micha MP

⑆⑈0995

Harland Clarke

---

# RECEIPT DATE 9/19/16 No. 903806

RECEIVED FROM Louis P. Micha ____ $ 500.00

five hundred and no/100 ____ DOLLARS

☑ FOR RENT
☐ FOR RHM - rent

| ACCOUNT | | |
|---|---|---|
| PAYMENT | 500 | 00 |
| BAL. DUE | | |

☐ CASH
☑ CHECK   FROM September 1 2016 TO October 1, 2016
☐ MONEY ORDER
☐ CREDIT CARD   BY [signature]

## RECEIPT

DATE 10-19-16  No. 903805

RECEIVED FROM Louis P. Micha

$ 500.00

five hundred dollars and no/100 DOLLARS

☑ FOR RENT
○ FOR RHM - rent 2309 North St.

| ACCOUNT | | | ○ CASH | |
|---|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK | FROM October, 1 TO November 1 |
| | | | ○ MONEY ORDER | |
| BAL. DUE | | | ○ CREDIT CARD | BY |

Rich's copy

LOUIS P. MICHA

0996

50-7537/2213
01

October 17, 2016
Date

Pay Richard H. Miller

$500.00

Five hundred dollars 00/100 ————— XX Dollars

## VISIONS
FEDERAL CREDIT UNION
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For November 2016 Rent

Louis P. Micha

MP

⑆0996

Harland Clarke

Rick's copy

**LOUIS P. MICHA**

1000
50-7537/2213
01

November 21, 2016
Date

Pay to the order of  Richard H. Miller                              $ 500.00

Five hundred dollars 00/00                              ⚡⚡ Dollars  🔒 Security Features Details on Back.

**VISIONS**
**FEDERAL CREDIT UNION**
One Credit Union Plaza 24 McKinley Ave. Endicott, NY 13760-5491

For December Rent 2016                    Louis P. Micha                    MP

1000

Harland Clarke

---

**RECEIPT** DATE  11-21-16          No. **903807**

RECEIVED FROM  Louis P. Micha                    $ 500.00

Five hundred and          no/100                    DOLLARS

☑ FOR RENT  RHM Rent
○ FOR

| ACCOUNT | | ○ CASH |
|---|---|---|
| PAYMENT | 500  00 | ☑ CHECK |
| BAL DUE | | ○ MONEY ORDER |
| | | ○ CREDIT CARD |

FROM November 1, 2016 to December 1, 2016

BY

*Ricki's Copy*

**LOUIS P. MICHA**

1151

50-7537/2213
01

December 19, 2016

Pay to the Order of _Richard H. Miller_ | $ 500.00

_Five hundred dollars 00/100_ —————— Dollars

**VISIONS**
FEDERAL CREDIT UNION
24 McKinley Ave.
Endicott, NY 13760-5491

For _January 2017 Rent_ _Louis P. Micha_

⑃ 1151

Harland Clarke

---

## RECEIPT DATE 12-19-16 No. 903808

RECEIVED FROM _Louis P. Micha_ $ 500 00

_Five hundred and_ 00/100 DOLLARS

FOR RENT _RHM Rent_

| | | |
|---|---|---|
| ACCOUNT | | ○ CASH |
| PAYMENT | 500 00 | ✓ CHECK |
| BAL. DUE | | ○ MONEY ORDER |
| | | ○ CREDIT CARD |

FROM _____ TO _____

BY _____

Rich's copy

# RECEIPT

DATE 1-19-17  No. 903810

RECEIVED FROM Louis P. Micha  $ 500,00

five hundred and no/100 _____ DOLLARS

☑ FOR RENT
○ FOR  CHM Rent

| ACCOUNT | | ○ CASH |
|---|---|---|
| PAYMENT | 500 00 | ☑ CHECK |
| | | ○ MONEY ORDER |
| BAL DUE | | ○ CREDIT CARD |

FROM January 2017 TO February 2017

BY _____

---

**LOUIS P. MICHA**  1152

January 19, 2017  50-7537/2213
01
Date

Pay to the Order of  Richard H. Miller  | $ 500.00

Five hundred dollars 00/100 _____ Dollars

**VISIONS**  24 McKinley Ave.
FEDERAL CREDIT UNION  Endicott, NY 13760-5481

For Rent for February 2017  Louis P. Micha

⑈ _____  ⑈ 1152

Harland Clarke

# RECEIPT

DATE 2-20-17   No. 903811

RECEIVED FROM Louis Micha   $500.00

five hundred dollars and no/100 DOLLARS

☑ FOR RENT
○ FOR   RHM Rent

| ACCOUNT | | | |
|---------|---|---|---|
| PAYMENT | 500 | 00 | |
| BAL. DUE | | | |

○ CASH
☑ CHECK
○ MONEY ORDER
○ CREDIT CARD

FROM February 1, 2017 TO March 1, 2017

BY ____

---

**LOUIS P. MICHA**

1153

50-7537/2213
01

February 19, 2017
Date

Pay to the Order of Richard H. Miller   $ 500.00

Five hundred dollars 00/100 ____ Dollars

**VISIONS**
FEDERAL CREDIT UNION

24 McKinley Ave.
Endicott, NY 13760-5491

For Rent for March 2017   Louis P. Micha

153

## RECEIPT

DATE 3-20-17    No. 903812

RECEIVED FROM Louis Micha    $500.00

five hundred and no/100    DOLLARS

☑ FOR RENT RHM - Rent
○ FOR

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |
| | | | ○ CREDIT CARD |

FROM April 1, 2017 TO May 1, 2017

BY

---

LOUIS P. MICHA

1155

March 20, 2017
50-7537/2213
01
Date

Pay to the Order of Richard H. Miller    $500.00

Five hundred dollars, 00/100    Dollars

VISIONS
FEDERAL CREDIT UNION
24 McKinley Ave.
Endicott, NY 13760-5491

For Rent for April 2017    Louis P. Micha

1155

Harland Clarke

**LOUIS P. MICHA** ████████

1156

50-7537/2213
01

April 20, 2017 *Date*

Pay to the Order of ___Richard H. Miller___ | $ **500.00**

___Five hundred dollars ⁰⁰/₁₀₀___ —— ✗✗ Dollars

**VISIONS**
24 McKinley Ave.
Endicott, NY 13760-5401
**FEDERAL CREDIT UNION**

For ___May 2017 Rent___ ___Louis P. Micha___ MP

⑆ ████████████ ⑈ 1156

Harland Clarke

Richs copy

**LOUIS P. MICHA**

1157

50-7537/2213
01

May 19th 2017
Date

Pay to the
Order of  Richard H. Miller                                  $500.00

Five hundred dollars 00/100 —————— XX Dollars  📷 Photo
Safe
Deposit
Details on back

**VISIONS**
FEDERAL CREDIT UNION
24 McKinley Ave.
Endicott, NY 13760-5421

For  FOR JUNE 2017 Rent          Louis P. Micha

⑈ ⑈1157

Harland Clarke

---

**RECEIPT** DATE 5-19-17     No. 903813

RECEIVED FROM  Louis P. Micha          $500.00

five hundred dollars and 00/100 DOLLARS

☑ FOR RENT
☐ FOR  RHM - Rent

| ACCOUNT | | |
|---|---|---|
| PAYMENT | 500 | 00 |
| BAL. DUE | | |

☐ CASH
☑ CHECK
☐ MONEY ORDER
☐ CREDIT CARD

FROM _____ TO _____

# RECEIPT

DATE 7-20-17    No. 903815

RECEIVED FROM Louis P. Micha

☑ FOR RENT    *five hundred and no/100*

○ FOR RHM - Rent    $500.00

_____ DOLLARS

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |
| | | | ○ CREDIT CARD |

FROM July 1, 2017 TO August 1, 2017

BY

**VISIONS** FEDERAL CREDIT UNION
24 McKinley Ave.
Endicott, NY 13760-5491

For August 2017 Rent    Louis T. Micau

1159

Harland Clarke

---

# RECEIPT

DATE 7-20-17    No. 903815

RECEIVED FROM Louis P. Micha    $500.00

*five hundred and no/100* _____ DOLLARS

☑ FOR RENT

○ FOR RHM - Rent

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |
| | | | ○ CREDIT CARD |

FROM July 1, 2017 TO August 1, 2017

BY

LOUIS P. MICHA

**1159**

50-7537/2213
01

July 19, 2017 *Date*

Pay to the Order of *Richard H. Miller*          | $500.00

*Five hundred dollars 00/100* ———————— Dollars

**VISIONS**
24 McKinley Ave.
Endicott, NY 13760-5491
FEDERAL CREDIT UNION

For *August 2017 Rent*          *Louis P. Micha*

⑆ ▮▮▮▮▮▮▮▮▮▮▮▮▮ ⑈ 1159

Harland Clarke

---

## RECEIPT DATE 7-20-17          No. 903815

RECEIVED FROM *Louis P. Micha*          $500.00

*five hundred and no/100* ———————— DOLLARS

☑ FOR RENT   *RHM ~ Rent*
◯ FOR ____

| ACCOUNT | | | ◯ CASH |
|---------|---|---|--------|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ◯ MONEY ORDER |
| | | | ◯ CREDIT CARD |

FROM *July 1, 2017* TO *August 1, 2017*

BY _____

**LOUIS P. MICHA**

1161

50-7537/2213
01

August 18, 2017
Date

Pay to the
Order of __Richard H. Miller__ | $ 500.00

Five hundred dollars 00/00 ——— XX Dollars

**VISIONS**
24 McKinley Ave.
Endicott, NY 13760-5491

**FEDERAL CREDIT UNION**

For __September Rent 2017__ __Louis P. Micha__

1161

Harland Clarke

*Recived from Louis Micha on 8/21/17 Rent for*

*Richard Miller*

**RECEIPT** DATE 9-22-17

RECEIVED FROM Louis P. Micha

No. 903817

five hundred and no/100

$ 500.00

☑ FOR RENT
○ FOR RHM Rent

DOLLARS

| ACCOUNT | | | ○ CASH |
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |
| | | | ○ CREDIT CARD |

FROM September 1, 2017 to October 1, 2017

BY

| PAYMENT | 500 | 00 | ○ MONEY ORDER |
| BAL. DUE | | · | ○ CREDIT CARD |

BY

17
00
DOLLARS
2017

---

**LOUIS P. MICHA**

1162

September 21, 2017
Date

50-7537/2213
01

Pay to the Order of Richard N. Miller    $ 500.00

Five hundred dollars 00/00 ————— xx Dollars

**VISIONS**
FEDERAL CREDIT UNION

24 McKinley Ave.
Endicott, NY 13760-5491

For Rent for October 2017    Louis P. Micha MP

1162

Harland Clarke

## RECEIPT

DATE 9-22-17     No. 903817

RECEIVED FROM Louis P. Micha     $ 500.00

five hundred and no/100 _____ DOLLARS

☑ FOR RENT
○ FOR RHM Rent

| ACCOUNT | | | ○ CASH |
|---|---|---|---|
| PAYMENT | 500 | 00 | ☑ CHECK |
| BAL. DUE | | | ○ MONEY ORDER |
| | | | ○ CREDIT CARD |

FROM September 1, 2017 to October 1, 2017

BY _____

---

LOUIS P. MICHA     1162

September 21, 2017     50-7537/2213 01

Pay to the Order of Richard N. Miller     $ 500.00

Five hundred dollars 00/100 ————— xxx Dollars

**VISIONS** 24 McKinley Ave.
Endicott, NY 13760-5491
FEDERAL CREDIT UNION

For Rent for October 2017     Louis P. Micha

⑈     ⑈ 1162

Harland Clarke

LOUIS P. MICHA

1167

50-7537/2213
01

November 22, 2017

Pay to the
Order of _Richard H. Miller_ | $500.00

_Five hundred dollars. 00/00_ ___ XX Dollars

Photo
Safe
Deposit®
Details on back

**VISIONS**
FEDERAL CREDIT UNION

24 McKinley Ave.
Endicott NY 13760-5491

For _December 2017 Rent_ _Louis P. Micha_ MP

⑈1167

Harland Clarke

_Received from Louie_
_on 11/22/17_

LOUIS P. MICHA

1168

50-7537/2213
01

December 21, 2017

Pay to the
Order of  Richard H Miller          | $ 500.00

Five hundred dollars 00/100 ——————— Dollars

**VISIONS**
24 McKinley Ave.
Endicott, NY 13760-5491
FEDERAL CREDIT UNION

For  Feb January 2018 Rent          Louis P. Micha

⑈ 1168

Harland Clarke

Received from
Louie on 12/28/17

████████ REDACTED ████████

**LOUIS P. MICHA**

1169

50-7537/2213
01

January 22, 2018
Date

Pay to the
Order of ___Richard H. Miller_____ | $ 500.00

_Five hundred dollars ⁰⁰/₁₀₀ ———_ ~~xx~~ Dollars 📷 Photo Safe Deposit® Details on back

**VISIONS** 24 McKinley Ave. Endicott, NY 13760-5491

FEDERAL CREDIT UNION

For _February 2018 Rent_      _Louis P. Micha_      MP

⑈ ████████████████████ ⑈1169

Harland Clarke

Recived from
Louis Micha
1/23/18

☑ Track your expenses...
☐ Clothing  ☐ Food  ☐ Transportation
☐ Credit Card  ☐ Utilities  ☐ Mortgage
☐ Entertainment  ☐ Insurance  ☐ Other: _____

☐ TAX-DEDUCTIBLE ITEM

1171

February 21, 2018

Richard H. Miller

Five hundred dollars 00/100 —

March 2018 Rent

| | | |
|---|---|---|
| BALANCE FORWARD | | |
| THIS ITEM | 500.00 | |
| BALANCE | | |
| DEPOSIT | | |
| OTHER | | |
| BALANCE FORWARD | | |

For added security, your name and account number do not appear on this copy.

NOT NEGOTIABLE

For added security, your name and account number do not appear on this copy.

☑ Track your expenses...
☐ Clothing ☐ Food ☐ Transportation
☐ Credit Card ☑ Utilities ☐ Mortgage
☐ Entertainment ☐ Insurance ☐ Other:_____

☐ TAX-DEDUCTIBLE ITEM

**1165**

March 22, 2018

Richard H. Miller
Five hundred dollars 00/100

April 2018 Rent

| | |
|---|---|
| BALANCE FORWARD | |
| THIS ITEM | 500.00 |
| BALANCE | |
| DEPOSIT | |
| OTHER | |
| BALANCE FORWARD | |

**NOT NEGOTIABLE**